UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CALVIN LEWIS, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:21-cv-00224-GZS |
| | ) | |
| T-MOBILE USA, INC., | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Plaintiff alleges Defendant, Plaintiff's former employer, discriminated against him based on age and disability. (Complaint, ECF No. 1.)  Defendant contends Plaintiff has failed to state an actionable claim and moves to dismiss the matter. (Motion, ECF No. 8.)

Following a review of the pleadings and after consideration of the parties' arguments, I recommend the Court grant in part and deny in part Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are drawn from Plaintiff's complaint and Plaintiff's subsequent submissions. *See Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (stating that a court may "consider other filings by a self-represented plaintiff, 'including [the] response to the motion to dismiss, to understand the nature and basis of [his] claims'" (quoting *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003)).  A plaintiff's factual allegations are generally deemed true when evaluating a motion to dismiss. *See McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017)

(considering a motion to dismiss pursuant to Rule 12(b)(6)); *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (considering a motion to dismiss pursuant to Rule 12(b)(1)).

Plaintiff, a former employee of Defendant, worked in Defendant's Oakland, Maine call center. (Plaintiff's Response to Motion to Dismiss at 1, ECF No. 10.) Plaintiff, who was born in 1954, began his employment with Defendant in 2005. (Complaint Exhibit 1 at 1-2, ECF No. 1-1.) In 2007, he was promoted to the position of Coach of Defendant's Customer Care. (Plaintiff's Response at 1.) He was promoted to Coach, Team of Experts (TEX) in 2018, and his duties included managing a team of ten other employees and the team's Key Performance Index (KPI). (*Id.*)

Plaintiff has been diagnosed with post-traumatic stress disorder (PTSD), depressive disorder, generalized anxiety disorder, and panic disorder, for which, beginning in 2012, he requested several leaves of absence from work. (Complaint Exhibit 2 at 1, ECF No. 1-2; Plaintiff's Response at 2.) Defendant and Broadspire, Defendant's employee benefits provider, approved Plaintiff's requests for leave. (Complaint at 1.) In August 2019, Defendant and Broadspire denied Plaintiff's request for short-term benefit pay for a period of leave. (Complaint Exhibit 2 at 1; Plaintiff's Response at 2.)

In June 2020, Plaintiff's TEX team's KPI made Plaintiff the highest-ranking coach in the company. (Complaint Exhibit 1 at 2; Plaintiff's Sur-reply at 2.) On June 29, 2020, Plaintiff's position was eliminated. (*Id.*) He was the oldest of six TEX coach employees eliminated at the Oakland call center. (Plaintiff's Response at 1.) Plaintiff's supervisor informed Plaintiff that his position was eliminated because of Defendant's merger with Sprint earlier that year. (Plaintiff's Response at 3.)

Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) in January 2020. The EEOC issued a Notice of Suit Rights dated May 10, 2021.[1] (Complaint Exhibit No. 2.)

## DISCUSSION

### A. Motion to Dismiss Standard

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). In an employment discrimination case such as Plaintiff's, the plausibility standard is met when a complaint pleads facts that meet the prima facie standard. *Rodríguez–Reyes*, 711 F.3d at 54.

### B. ADEA Claim

To state a prima facie claim for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, Plaintiff must establish that "(1) he was at least forty years old; (2) his work was sufficient to meet his employer's legitimate expectations; (3) his employer took adverse employment action against him; and … (4)

---

[1] Plaintiff also filed a charge with the Maine Human Rights Commission (MHRC). (Complaint Exhibit 1.) According to Defendant, the MRHC dismissed the charge on February 10, 2021, and notified the parties that it found no reasonable grounds to believe that unlawful discrimination had occurred. (Motion at 2.)

3

his employer refilled the position, thus demonstrating a continuing need for [his] services and skill." *Robinson v. Town of Marshfield*, 950 F.3d 21, 25 (1st Cir. 2020); *see also Gomez-Gonzalez v. Rural Opportunities, Inc.*, 626 F.3d 654, 662 (1st Cir. 2010) (same).

Plaintiff has alleged that (1) he was sixty-six years old when his employment ended, (2) he was qualified for his position as reflected by his position of and performance as a TEX team coach, and (3) his employment was terminated.  Because his position was eliminated, however, Plaintiff cannot practically allege that his position was filled by a person with approximately the same job qualifications.  Where there is a reduction in the work force, a plaintiff "need not show replacement by someone with equivalent job qualifications.  Instead, to satisfy element (4), the plaintiff may demonstrate either that the employer did not treat age neutrally or that younger persons were retained in the same position." *Hidalgo v. Overseas Condado Ins. Agencies, Inc.*, 120 F.3d 328, 333 (1st Cir. 1997) (internal quotation marks and citations omitted).  Here, Plaintiff has alleged no facts that would support a finding that age was a factor in the elimination of his position.  Rather, Plaintiff essentially concedes the lack of facts to support his age discrimination claim when he attempts to rely on the failure of Defendant to identify the criteria used to eliminate positions "to rule out age discrimination." (Plaintiff's Response at 1.)  In sum, Plaintiff has not alleged a plausible age discrimination claim against Defendant.

## C.  ADA Claim

The Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112-12117, prohibits discrimination against a "qualified individual on the basis of disability in regard to … [the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  At the motion

to dismiss stage, a plaintiff must allege a plausible prima facie case of discrimination: "that (1) he suffers from a disability or handicap, as defined by the ADA …, and that (2) he was nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation, and that (3) [the defendant] took an adverse employment action against him because of, in whole or in part, his protected disability." *Tobin v. Liberty Mut. Ins. Co.*, 433 F.3d 100, 104 (1st Cir. 2005). "Adverse employment action" often comes in the form of "not making reasonable accommodations," upon the employee's request. *Higgins v. New Balance Athletic Shoe, Inc*., 194 F.3d 252, 264 (1st Cir. 1999).

Defendant argues that Plaintiff has failed to plead sufficiently that he is disabled. Under the ADA, an individual is disabled "if he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." *Roman-Oliveras v. P. R. Elec. Power Auth*., 655 F.3d 43, 48 (1st Cir. 2011). A plaintiff must allege "an actual present or past disability substantially impacting a major life activity." *Young v. Town of Bar Harbor*, No. 1:14-cv-00146-GZS, 2015 WL 2337868, at *8 (D. Me. Apr. 23, 2015) (*aff'd,* May 13, 2015).

Plaintiff alleges that he has PTSD, depressive disorder, generalized anxiety disorder, and panic disorder, which conditions have caused Plaintiff to request several leaves of absence from his work with Defendant. Defendant asserts that Plaintiff has failed to identify a major life activity impacted by his claimed disability. "Working can be considered a major life activity." *Ramos-Echevarria v. Pichis, Inc.*, 659 F.3d 182, 188 (1st Cir. 2011). To be "substantially limited in the major life activity of working," a plaintiff

"must be precluded from more than a particular job." *Santiago Clemente v. Executive Airlines, Inc.*, 213 F.3d 25, 33 (1st Cir. 2000). Plaintiff asserts in part that on his therapist's recommendation, he requested an accommodation to work from home. Plaintiff's assertions can reasonably be construed that to work with his alleged disability, Plaintiff must work from home. If Plaintiff must work from home because of his disability, Plaintiff would be precluded from a variety of jobs and not just his job with Defendant. Plaintiff, therefore, has sufficiently pled the first element of a disability discrimination claim.

Defendant also contends that Plaintiff has not identified the essential functions of the job nor alleged facts to support the conclusion that he can perform the essential functions of his job with or without accommodation. *See Richardson v. Friendly Ice Cream Corp.*, 594 F.3d 69, 75 (1st Cir. 2010). Plaintiff has alleged that despite the stress he experienced and with his leaves of absence, the TEX team he managed performed at a high level, allegations from which one could reasonably infer that he could perform the essential functions of the job.[2]

Defendant also maintains that Plaintiff has not identified the accommodation it failed to provide, noting that Plaintiff admits that Defendant did not deny Plaintiff's requests for leaves of absence. (Reply at 4.) Plaintiff has alleged that Defendant denied

---

[2] Defendant suggests that Plaintiff's statements in response to the motion to dismiss "support a conclusion that he was not able to perform the essential functions" of his job. (Reply at 4, ECF No. 11.) Plaintiff described the stress caused to him by the impact on his team's KPI numbers of the underperformance of several agents assigned to his team, which led to his request for a leave of absence. (Plaintiff's Response at 2.) While one inference from Plaintiff's allegations could be that he could not perform his job's essential functions, an assessment of Defendant's motion includes consideration of all reasonable inferences from Plaintiff's allegations. At a minimum, Plaintiff's allegations could support the determination that with the accommodation of leaves of absence to address the consequences of his disability and/or an accommodation to work from home, Plaintiff could perform the essential functions of the job.

his request to work from home as an accommodation. Plaintiff's allegations are sufficient to support a disability discrimination claim based on an alleged failure to accommodate.

Finally, Defendant contends that Plaintiff's disability discrimination claim under the ADA against Defendant is instead a claim against it and/or Broadspire under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1140, which should be dismissed because he has failed to assert facts required to support such a claim. (Reply at 2-3.) Defendant argues Plaintiff's claim for disability discrimination is premised on the denial of short-term disability pay, which would appear to be an allegation that "'employer action was taken with the specific intent of interfering with the employee's ERISA benefits,'" citing *Lampron v. Group Life Ins. & Disability Plan of United Tech. Corp.*, No. 2:12-cv-197-GZS, 2013 WL 2237851, at *3 (D. Me. May 21, 2013) (quoting *Barbour v. Dynamics Res. Corp.*, 63 F.3d 32, 37 (1st Cir. 1995). Regardless of the merits of Defendant's contention regarding Plaintiff's ability to recover short-term disability pay, Plaintiff's disability discrimination claim is not limited to Defendant's alleged failure to pay short-term disability benefits. Dismissal of Plaintiff's disability discrimination claim, therefore, is not warranted based on Defendant's ERISA argument.[3]

---

[3] Defendant also argues that Plaintiff's complaint appeared untimely, because Plaintiff filed the complaint 92 days from the date the EEOC issued Plaintiff a Notice of Suit Rights (the time between date of issuance - May 10, 2021 - and date of filing – August 9, 2021 – is actually 91 days). *See Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 141 (1st Cir. 2012) (a claimant must exhaust his administrative remedies before filing suit, and the complaint must be filed within 90 days of receiving a right-to-sue letter). With no proof of the date of actual receipt, Plaintiff is allowed three additional days to account for delivery by mail. *Richardson v. Downing*, 220 F. Supp. 2d 59, 60 (D. Mass. 2002). With the three days included, Plaintiff filed the complaint within the statute of limitations. Furthermore, Federal Rule of Civil Procedure 6 provides that unless a statute specifies a different method for calculating time, if the last day of the relevant time period falls on a weekend day, the time runs to the next day that is not a weekend day. Defendant does not argue that a statute provides for a different method for calculating the 90-day period. The 90th day (August 8, 2021) was a Sunday. The last day of the 90-day period, therefore, was August 9, 2021.

7

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's motion to dismiss as to Plaintiff's age discrimination claim, and the Court deny Defendant's motion as to Plaintiff's disability discrimination claim.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of December, 2021.